UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -9  P 3: 20

U.S. DISTRICT COURT
DISTRICT OF MASS

DAVID C. JONES
    Petitioner,

v.                          Civil Action No. 04-12180-GAO

MICHAEL A. THOMPSON
    Respondent.

MEMORANDUM OF THE PETITIONER
IN SUPPORT OF OPPOSITION OF MOTION
TO DISMISS

The petitioner, David C. Jones, seeks Federal Habeas Corpus relief on the Ground that he aws denied his federally secured Constitutional Rights during his trial and prosecuton. On the grounds;

(1) conviction obtained by a(UNCONSTITUTIONAL) failure of the prosecution to disclose to the petitioner evidence favorable to him;

(2) conviction obtained by the use of falsified and tampered evidence (fingerprint);

(3) conviction obtained by the prosecution knowingly withholding evidence favorable to th petitioner; and

(4) conviction obtained by a violation of due process rights, prosecutorial misconduct. (Petition, p.5, 12A-12D)

The state court records wil show that, respondent has not appended from the petitioners (post-conviction) actions/motins.
    Documents, affidavits, memorandum aswell, in the initial motin motion for a new trial based on newly discovered evidence reveals that the petitioner has presented Grounds Two thru Four to the States highest court. (See. Exh1-2 at p.3; Exh.1).

2

Petitioner also filed a complaint against both ,officers, Srgt.ThomasHeavey and John B.Dirrane of the Brookline POLICE Dept. on June 29,2000,through the Norfolk county district attornys office (See.Exh.2).In October of 2000,four months later ,petitioner filed a motion for a new trial based on newly discovered evidence and a motion to be released from an unlawful restraint.(See.Exh.3,Dock.Ent.)

Petitioner also filed a complaint with the Attorney General, Office of the Bar Counsel in August 21,1998,alleging misconduct of the prosecution.(See.Exh.4,Letters)

PRIOR PROCEEDINGS

Petitioner was cnvicted of breaking and entering in the daytime and larceny and sentenced as an habitual offender to ten years imprisonment at MCI Cedar Junction.

In October of 2000,petitioner filed amotion for anew trial based on new evidence,(civil complaint"whistle blower",filed by officer John B.Dirrane)Evidence of police coruption,in the brookline police department  ,Judge E. Butler,norfolk supr.Court.

Judge Butler was also the trial judge in this case, and found that there were colorable issues  in the motion.(See.Exh.3,DOCK.Ent.) Petitioner did argue that his constitutional rights,as well as his federal rights had been violated .Respondent has only presented a small portion of the state record regarding Ground Two thru Four, with regard to the state court exhaustion rule.

The state court failed to address the federal claim ,petitioner "fairly"presented his claim in the motion for a new trial ,affidavit, memorandum and exhibits.Thereby allerting the court of the federal nature of his claim,and also allerting other offices of government, (See.Exh.4,Letters).

Petitioner also requested to be heard on the motion for a new trial.The state court ignored the request.(See.Exh.3,Dock.Ent.)

3

The Appeals Courts implicit use of the substantial risk of a miscarriage of justice standard was erroneous and the harm caused by the lack of impeachment evidence can not be understated.

The Appeals court also erroneously found that "COMPARISSION" by the computor method of the petitioners print with the known print produced positive identification .Officer Dirrane admitts that the computor alone could not make an exact match.

In further showing of the respondents erroneous claim,the petitioner points to the "Brief" of Assistent District Att. Robert C.Cosgrove,BB#545920,November 2003.(See.Exh.5,S.J.C.Brf.), On page 2 the commonwealth acknowledges the :grounds to some degree, and also in this petition Grounds Two thru Four ."The defendant filed on December 6,2002,a pro se memorandum of law in support of his motion attaching thereto another affitdavit from himself concerning the civil c complaint ".Grounds Two thru Four were established with support of that civil action .A clear showing that even the commonwealth acknowledged tha at it was before the state court .

ON GROUND ONE of the petition ,Commonwealth v.Ellison 376 mass.1, 22 n9(1978).The absence of a list of potentiial candidates also prevented a meaningful cross-examination of the police identification of the fingerprints and also supports the allegations of constitutional error.Petitioner did raise the issue of withheld evidence at the trial and in motions for specific requests.Petitioners attorney did object to the presentation of the fingerprint evidence,as seen by the state court record as well as at trial.
The respondent has attempted to mis lead this court by citing cases that do not pertain to this particular case,In the Simpson v.Matesanz, it does not apply,and merely challenges jury instructions and reasonable doubt issues.Respondent seeks to incorperate unrelated cases to the case before this court ,attempting to convince the court its claim and mixes portions of the record to fit its own arguement.

In Jackson v.Virginia ,the court was unable to view (all) the evidence in the light most favorable to the prosecution ,in this "case" before the court,the most important evidence was knowingly withheld. Respondent has also attempted to confuse the court as to the wieght of the"procedural default rule"and where it applies .
Petitioners credible showing of innocence offer to overcome procedural default or bar on federal habeas corpus review.Petitioner presented an "alibi witness that supported his claim of innocence,Hazel Flynn,the alibi witness stated at the trial that the petitioner worked in her salon in Worcster,mass.And that the petitioner rode to work on a bike that she provided.The Appeals court also missed that part of the testimony.

4

Petitioner has shown actual innocence through his alibi witness. It is impossible for the petitioner to ride a dirt bike from the Onyx hairstyling salon in worcester,mass. to Brookline,Mass. in an hour. Killela v.Hall,84F.Supp.2d 204, 210(D.Mass.2000) Petitioner also points to the respondents own statement as partial support, describing the grounds as being scattered in State Court. (see. p. 11, respondents motion to dismiss.)

Petitioner has exhauasted his state remidies on all grounds by the full record . The Grounds relied upon have been defined and presented face-up and squarely ; the federal question is plainly expressed. The record will show that the petitioner has demonstrated that his claimed federal errors were fairly presented to the states highest court petitioner has presented the state court with appropriate federal trappings such as; specific constitutional language, constitutional citation, substantial constitutional analogy. Presented within the four corners of the application for leave to obtain further appelate review.

The amanded motion for anew trial was only a minor portion of what was contained in the "total" new trial motion. Respondent again would have the court believe that the amended motion in 2004,was(all) towards the presentation.(See.Exh.6) Doc#)
State court ignored the issues in the motion and refused to give an address of the motion to be heard in the matter.

Grounds Two Through Four are not new claims as the records will show and are legal federal claims now made in the petition for federal habeas corpus review..In sum,Grounds Two through Four are exhausted and the petitioners motion in opposition of the motion to dismis should be allowed. (See. Exh. 1,).

CONCLUSION
_____

For the above-stated reasons, the petition should be allowed.

Respectfully Submitted,
David Jones
DAVID C.JONES-W-37384

MCI Shirley-medium
P.O.Box 1218,SHIRLEY,MASS.
                       01464
2-8-2005

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    NORFOLK SUPERIOR COURT
                                                No. 102164-5

*12/12/02 — Comm. to file its response, if any, on or before January 24, 2003. (Butler, J.) att'y*

COMMONWEALTH

v.

DAVID JONES

### MOTION TO PRODUCE CERTAIN DOCUMENTARY EVIDENCE

The defendant in the above-captioned indictment respectfully moves that this court direct the government to produce certain documentary evidence which, although potentially exculpatory and specifically requested, was never made available to the defense. In particular, the defendant says that he seeks the list of those individuals or "candidates" whom the "AFIS" computer system determined had fingerprints similar to the print recovered from the scene of the crime.

As grounds therefor the defendant says as follows:

1. In October, 1996, a Norfolk County grand jury returned two indictments against David Jones, charging him with Breaking and Entering in the Day Time and Larceny Over. The case arose from a burglary of a Brookline home sometime during the day on June 26, 1996.

2. A trial by jury commenced on September 19, 1997, Butler, J., presiding. The only evidence offered against the defendant was a set of fingerprints purportedly matching his prints, taken from a single box found lying empty on the bed in the master bedroom of the burglarized home. For his part, the defendant presented alibi evidence that on the day of the burglary, he was working in a hair salon in Worcester, Massachusetts. The jury returned verdicts of guilty on both indictments and the defendant was sentenced to a prison term of ten years, pursuant to an habitual offender indictment.

1

3.. Before trial, defense counsel sought extensive discovery relating to the recovered latent prints, including "any and all information regarding the details of the Automated Fingerprint Identification Systems (AFIS) search which resulted in an identification of the defendant as the source of the fingerprints observed in this case..." (A. 1)[1]. By letter, the prosecutor responded to defense counsel that "there are no computer generated documents concerning the use of AFIS" in this case (A. 3).

4. At trial, Brookline Police Detective John Dirrane, who processed the latent prints found on the box in the bedroom, testified to the following:[2]

> He recovered seven latent prints on a box found on the bed in the master bedroom and selected one print from the bottom of the box (fingerprint #5) for processing by the AFIS computer system (T.1/188-189; A.21-22). First, the Detective photographed the print and enlarged it five times. He then pretraced the print to eliminate dirt or extraneous markings; traced the print again and then reduced the traced print to its original size. He then entered the traced print into the AFIS computer at the state police facility (T. 2/9-15; A.25-31).
>
> AFIS is a computer system which compares an unknown print with a vast array of prints in its data bank (T.2/9-10; A.25-26). The AFIS computer cannot make its own determination about whether or not one fingerprint matches another print. AFIS will however, generate a list of top-ranking candidates whose prints might match the perpetrator's print, along with their "scores". On the computer print-out, the candidates are identified by their state identification numbers (SID) (T.2/21-22; A.37-38).
>
> In this case, Detective Dirrane, after entering fingerprint #5 into the AFIS computer, left the state police facility without waiting for the search results (T.20-21; A.36-37). He was later given one SID number from the search (T. 2/25; A.41) . He never saw a print-out of the candidate list; he did not know if the list was ever printed (T. 2/22-25; A.38-41).
>
> The SID number received by Detective Dirrane identified the defendant. The Detective retrieved the defendant's print from a 1976 so-called "ten-print card" (T.2/25-26; A.41-42). He then visually compared the defendant's print to the print on the bottom of the box and declared a match (T. 1/188-189, 2/26-27; A.21-22, 42-43).

---

[1] References to the Appendix appear as (A. page number).
[2] The pertinent trial testimony of Detective Dirrane is reproduced in the Appendix and will be cited by day of trial and page number as (T. / ).

2

5. By all government accounts, the candidate list generated by AFIS was not preserved, if it had ever been printed. Nor was it regenerated, notwithstanding the defendant's request and indeed, his right to be provided with the potentially exculpatory evidence.[3]

6. Detective Dirrane admitted that he did not know how many similar points of comparison the other candidates' prints might have had with those of the perpetrator (T.2/53; A.44). He also acknowledged that without the list of candidates, only his opinion as to the identification of the print existed (T.2/23; A.39). He recognized that there are differing opinions as to how many fingerprint points are necessary to make an identification and admitted that "it's possible for two good fingerprint people to have differing opinions about whether or not an unknown fingerprint matches a known fingerprint" (T. 1/197-198; A.23-24).

7. The information denied to the defense was exculpatory. The only issue in the case was the validity of the fingerprint "match" between the defendant and the perpetrator, and the AFIS-generated list of candidates indicated that more than one person had prints that were similar to the perpetrator's prints. Certainly, the existence of other suspects tended to negate the guilt of the accused. Commonwealth v. Ellison, 376 Mass. 1, 22 n.9 (1978). The absence of a list of potential candidates also prevented a meaningful cross-examination of the police identification of the prints.

8. The government could have redeemed its grave negligence by rerunning the AFIS search and making the candidate list available to the defense, but it did not do so.

9. The defendant now requests that this court direct the government to regenerate the AFIS search results and to provide him with the candidate list and the ten-print cards (or comparable print records) of the candidates.

---

[3] The defendant moved in limine that all fingerprint evidence be excluded where the requested discovery had either not been provided in a timely fashion or not provided at all (T.1/45-60; A.5-20).

10. Such a request cannot burden the government. Should the trace of fingerprint #5 not be available, the photograph of fingerprint #5 from which the trace was made was preserved as trial exhibit #20. A photograph of fingerprint # 5 was also in the possession of the prosecutor, who made it available to trial counsel.

11. Logic dictates that the search results can be replicated. Even assuming the AFIS data base has been enlarged since 1996, the data bank, as it existed in 1996, is still a subset of the present one.

12. The defendant has no other means of obtaining this information as the information is exclusively within the control of the government and its agents.

DAVID JONES
By his attorney,

*Chrystal Murray*
Chrystal Murray
BBO 544 517
PO Box 1502
71 South Street
Jamaica Plain, MA 02130
(617) 522-5370

4

CITIFICATE OF SERVICE

I hereby certify that a true copy of the motion in o
Opposition of the motion to dismiss,supporting memorandum was searved up
upon Annet C. Benedetto,Assistant District Attarney,Criminal
Bureau,,One Ashburton Place,Boston,Mass.02108
By first class  mail ,postage prepaid,on Febuary   ,2005

Annette C. Benedetto,Asst.Attorney Generals Office.

Febuary 8 ,2005

*David Jones*
DAVID C.JONES,(prose)
w-37384
MCI,Shirley Medium
P.O. Box 1218
SHIRLEY,Mass.)01464

cc. file
asst. attny. general,