72

COMMONWEALTH OF MASSACHUSETTS

NORFOLK,ss                                                                    SUPERIOR COURT

72

COMMONWEALTH OF MASSACHUSETTS

NORFOLK,ss                                                           SUPERIOR COURT

                                                                     NO.96-102164-65,102279

*[Handwritten annotation:]* 10/27/00 after a thorough review of the motion and materials and a finding that there exist colorable issues for further inquiry, the court sua sponte, prefers the matter to CPCS for appointment of counsel and recommends prior counsel Stephanie Paige Esq. be appointed. (Butler, J.) *[signature]*

                                COMMONWEALTH

                                     VS

                                DAVID JONES

          RENEWED MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED
          EVIDENCE, AFFIDAVIT IN SUPPORT, EXHIBITS,
================================================================================

   Now comes the defendant DAVID JONES, upon information, knowledge and belief,

and states the following, and who moves that this court, pursueant to Mass.R Crim.

P,30 ,enter a judgement ordering a New Trial on the above numbered indictment.

   In support of this the defendant states;that the evidence introduced at trial

was Falsified and Tainted, in violation of the MASSACHUSETTS DECLARATION OF RIGHTS,

Article,1,Article,xl and Article,xll, also the Fourth and Fith Amendments of the

United States Constitution.

9/27/00                                                           *[Signature:]* David Jones

Norfolk, ss

DAVID C. JONES

V.

THOMAS HEAVEY OF,
The Brookline Police Dept.
350 Washington Street
Brookline, Mass. 02146

Criminal Complaint And Affidavit of Complaint,
Against THOMAS HEAVEY.
............................................

Now comes the plaintiff in the above complaint, moves
that this office of the district attorney, file the charge of; Pre
senting (False Evidence in a criminal case No. 96-102164-65.

Plaintiff also states that the enclosed (documents) are presented
as exhibits to show and support the charges.

DATED..June 29, 2000

                                          Submitted and sighned
                                          DAVID C. JONES
                                          B.S.H. Cadre-Unit
                                          20 Administration Road
                                          BRIDGEWATER, Mass. 02324

                                          *David Jones* (signature)

Norfolk,ss

DAVID C .JONES

V,

JOHN B. DIRRANE OF,
The Brookline Police Dept.
350 Washington Street
Brookline,Mass.02146

████████ Complaint And Affidavit Of Complaint,
Against JOHN B. DIRRANE.
================================================================

Now comes the Plantiff in the abuse complaint,move
that this office ~~of the district attorn~~ey ,file the charge of;
Presenting FALSE EVIDENCE in a criminal case,No.96-102164-65,

Plaintiff also states that the enclosed (documents are presented
as exhibits to show and support the charge.

DATED....June 29.2000

                                    SUBMITTED and sighned
                                    DAVID C. JONES,
                                    B.S.H./Cadre Unit
                                    20 Administration Road
                                    Bridgewater,Mass.02324

                                    *David Jones* (signature)

It is also my hope that this honorable office of the District Attorneys,will motion this court through its own initiative,that a New Trial be granted because of this newly discovered informatin.And to investigate these allegations made by officer John B.Dirrane.

It is my hope that this office of the district attorney not tolerate such conduct attributed by the Brookline police department and that in the name of justice and fairness ,action should be taken against these officer at this levle.

It is also my wish to avoid having to take any futher action,Federal,Medial and other in this above matter

I am filling a (Complaint with this Court of Norfolk , through this office of the district attorney on this county.

I am sure that there are many others who have been convicted becuase of (questionable practices of the brookline police,and are not aware of these allegations.

I seek only to vindicate myself in this case and nothing more,I intend to pursue the justice due to me in this case by any means if I am unable to achieve it through this honorable office of the District Attorney of Norfolk County.

Please file the enclosed COMPLAINTs;charging officer sargent THOMAS HEAVEY with presenting False Evidece in a criminal case No.96-102164-65) Norfolk Superior Court.

And charging officer John B. Dirrane with Knowingly presentting this  False Evidence assigned to him by the same officer he is accussing in the enclosed (complaint)Thomas Heavey and both of the Brookline police department.


I thank you in advance and await your response in this matter.

Dated: June. 29, 2000

sighned under the pains and penalties,
of purjury.

cc,district attony.
   Attorney General
   Att.STEPHANIE PAGE

RESPECTFULLY SUBMITTED BY
   David Jones w37384
   B.S.H./ Cadre Unit
   20 Administration Road
   Bridgewater,Mass. 02324

*David Jones*

(Exh. 3) Docket.

# Grand Jury Case

NORFOLK COUNTY
SUPERIOR COURT
CRIMINAL DOCKET

Page 4

Docket No. 102164

Indictment returned 1996 Sept. 4

*Commonwealth vs.*

DAVID JONES

Attorney

Offence    BREAKING AND ENTERING IN THE DAY TIME

Committed at    BROOKLINE    on    JUNE 26, 1996

69. 1999 Aug. 17 – Comm's motion for additional time
70. 1999 Sept. 15 – Comm's opposition to defendant's motion for a corrected mittimus
70. 1999 Sept. 22 – Deft's motion for a corrected mittimus – denied for the reasons stated in the Commonwealth's thorough and comprehensive memorandum of opposition (Paper #70) (McHugh, J) n/s 9/23/99
70. 2000 Aug. 2 – Rescript received from Appeals Court – Judgments affirmed
71. 2000 Aug. 14 – Motion for a New Trial Based on Newly Discovered Evidence, Affidavit in Support and Exhibits c/s J. Butler    cb
2000 Sept. 15 – Motion for a new trial based on newly doscovered evidence denied without prejudice to renewal as motion to withdraw guilty plea accompanied by transcript of plea colloquy (Butler, J) c/s
72. 2000 Oct. 20 – Renewed Motion for a new trial based on newly discovered evidence, affidavit in suppor exhibits
73. 2000 Oct. 20 – Motion to withdraw guilty plea, sentencing, and request for a new trial

(OVER)

CR34A 5M 3/77

# Grand Jury Case

Docket No. 102165

page 2

NORFOLK COUNTY
SUPERIOR COURT
CRIMINAL COURT

Indictment returned ____1996 SEPT. 4____

*Commonwealth vs.*

DAVID JONES

Attorney

Offence     LARCENY +

Committed at     BROOKLINE     on     JULY 26, 1996

2000 Oct. 20 - Motion requesting release from unlawful restrain
2000 Oct. 20 - Request for a hearing on the Motion, renewed Motion, for a new trial based on newly discovered evidence

CR34A 5M 5/99

(OVER

(Exh. 4.)

**OFFICE OF THE BAR COUNSEL**
BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
617/728-8750
Fax: 617/357-1866

BAR COUNSEL
ARNOLD R. ROSENFELD

FIRST ASSISTANT BAR COUNSEL
CONSTANCE V. VECCHIONE
NANCY E. KAUFMAN

ASSISTANT BAR COUNSEL
TERENCE M. TROYER
ANNE S. J. KAUFMAN
SUSAN STRAUSS WEISBERG
ALICE L. HAGEMAN
ROGER GELLER
BRUCE T. EISENHUT
CATHLEEN C. CAVELL
ELLEN M. MEAGHER
ROBERT I. WARNER
JANE R. RABE
YVONNE P. TOYLOY
LINDA G. BAUER
JOHN W. MARSHALL

August 21, 1998

David C. Jones
P.O. Box 9106
Concord, MA  01742

RE: BBO File No(s). B3-98-0211Y (Heather M. Kelley, Esq.)

Dear Mr. Jones:

I have reviewed your allegations of misconduct regarding Attorney Heather M. Kelley.

Your grievance against Attorney Kelley alleges in essence that Attorney Kelley presented falsified documents in a criminal proceeding. However, this office is a disciplinary agency only and we cannot assist you with your case. Without making any judgment as to the merits of your claim, such concerns should in the first instance be raised in court in an appeal or post-conviction proceeding, pursuant to the provisions of Rule 30 of the Massachusetts Rules of Criminal Procedure.

Accordingly, this file has been closed in this office. If you wish to pursue these claims in court, we would suggest that you consult with another lawyer. If you cannot afford counsel to represent you in the Rule 30 motion, you should also file a motion for the assistance of counsel. Should a subsequent decision by any court suggest misconduct by an attorney, please bring this matter to our attention again at that time and we will reconsider this decision.

Enclosed please find a copy of a letter from the Chair of the Board of Bar Overseers advising you of your right to have this decision reviewed by a member of the Board.

Very truly yours,

Yvonne Patricia Toyloy
Assistant Bar Counsel

YPT/tms
Enclosure
cc:    Heather M. Kelley, Esq.

## OFFICE OF THE BAR COUNSEL
BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

617/728-8750
Fax: 617/357-1866
www.state.ma.us/obcbbo

BAR COUNSEL
DANIEL C. CRANE

FIRST ASSISTANT BAR COUNSEL
CONSTANCE V. VECCHIONE
NANCY E. KAUFMAN

ASSISTANT BAR COUNSEL
TERENCE M. TROYER
ANNE S. J. KAUFMAN
SUSAN STRAUSS WEISBERG
ALICE L. HAGEMAN
ROGER GELLER
BRUCE T. EISENHUT
CATHLEEN C. CAVELL
ELLEN M. MEAGHER
ROBERT I. WARNER
JANE R. RABE
LINDA G. BAUER
JOHN W. MARSHALL
ALISON MILLS CLOUTIER
GRACE M. JONES
KENNETH W. LUKE
CHRISTA A. ARCOS

August 21, 2001

LEGAL CORRESPONDENCE

David C. Jones (W37384)
S.E.C.C.
12 Administration Road
Bridgewater, MA 01742

Dear Mr. Jones:

We are in receipt of your recent correspondence.

The Office of the Bar Counsel investigates complaints of ethical misconduct against attorneys registered to practice in the Commonwealth of Massachusetts. Our jurisdiction is limited to violations of the Massachusetts Rules of Professional Conduct that regulate the practice of law in this state. The office cannot provide legal advice or representation, nor can we assist you with your case.

If you have concerns about an attorney, please feel free to send us a written statement clearly and specifically describing your allegations of misconduct. Please include with your statement copies (not originals) of any and all supporting documentation.

Your correspondence is enclosed for your convenience. A copy will be retained in our records for ninety days.

Sincerely,

Alison Mills Cloutier

Enclosure



## U. S. Department of Justice

Civil Rights Division

DCR: bl
DJ 144-36-0

Washington, D.C. 20530

December 1, 2000

Mr. David C. Jones
#W37384
B.S.H.  Cadre-Unit
20 Administration Road
Bridgewater, Massachusetts 02324

Dear Mr. Jones:

   This is in reply to your correspondence to the Department. We apologize for the delay of this response.

   The matter you mentioned in your letter is one within the jurisdiction of the courts or the state. This Department has no authority to take any action in this matter.

                                        Sincerely,

                                        Diane C. Roberts
                                        Civil Rights Division

OFFICE OF THE BAR COUNSEL
BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
617/728-8750
Fax: 617/357-1866

BAR COUNSEL
ARNOLD R. ROSENFELD

FIRST ASSISTANT BAR COUNSEL
CONSTANCE V. VECCHIONE
NANCY E. KAUFMAN

ASSISTANT BAR COUNSEL
TERENCE M. TROYER
ANNE S. J. KAUFMAN
SUSAN STRAUSS WEISBERG
ALICE L. HAGEMAN
ROGER GELLER
BRUCE T. EISENHUT
CATHLEEN C. CAVELL
ELLEN M. MEAGHER
ROBERT I. WARNER
JANE R. RABE
YVONNE P. TOYLOY
LINDA G. BAUER
JOHN W. MARSHALL

August 18, 1998

**PERSONAL AND CONFIDENTIAL**

Mr. David C. Jones
P.O. Box 9106
Concord, MA 01742
LEGAL MAIL

**RE: B.B.O. FILE NO. B3-98-0211Y**

Dear Mr. Jones:

    We have received your correspondence. All correspondence is docketed and processed in the order received. The case has been assigned to Attorney Yvonne P. Toyloy for initial review.

    You are advised that in accordance with Supreme Judicial Court Rule 4:01 (20) these proceedings will be kept confidential by this office.

Very truly yours,

OFFICE OF THE BAR COUNSEL

/elp



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

TOM REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

March 12, 2002

Mr. David Jones (W37384)
SECC
12 Administration Road
Bridgewater, MA 02324

Dear Mr. Jones:

    The Attorney General's Office has reviewed your recent inquiry to the Criminal Bureau for the purpose of deciding whether to assign this matter within the Criminal Bureau for a more comprehensive review of the facts, make an inquiry on your behalf, or intervene in this matter.

    The Criminal Bureau of the Attorney General's Office receives inquiries and complaints on a daily basis from citizens, police departments and other governmental agencies. Every such inquiry and complaint is reviewed and a decision made whether to take action on the inquiry or complaint. In some instances, inquiries and complaints raise issues which generally are not handled by this office, do not fall within this office's jurisdiction, or are more appropriately handled by another agency.

    Please be advised that the Criminal Bureau is not going to further review or take action on your inquiry or complaint. If you wish to pursue this matter, I suggest that you contact the Norfolk District Attorney's Office or confer with your prior defense attorney.

    I am sorry that this office cannot be of further assistance to you.

Sincerely,

Kurt N. Schwartz
Assistant Attorney General
Chief, Criminal Bureau

KNS/jlp

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

NO. SJC-09052

COMMONWEALTH,
    Appellee

v.

DAVID JONES,
    Appellant

BRIEF AND SUPPLEMENTAL APPENDIX FOR THE
COMMONWEALTH ON APPEAL FROM A JUDGMENT OF THE
SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

Robert C. Cosgrove
Assistant District Attorney
BBO #545920

45 Shawmut Road
Canton, MA 02021
(781) 830-4800

1

**Question Presented**

After the defendant's conviction had been affirmed, a motion judge required the Commonwealth to have police take one of the five latent crime scene fingerprints that matched the defendant's, process it through the AFIS system, and turn over a list of other "possible candidates" and their fingerprint cards. The defendant, in support of his obligation under Mass. R. Crim. P. 30(c)(4) to establish a "prima facie case for relief," had offered only his attorney's two-sentence affidavit and excerpts from trial record. Did the single justice abuse her discretion or commit clear error of law in vacating the motion judge's order?

**Statement of the Case[1]**

The defendant was tried on two indictments before Elizabeth Butler J., and a jury. On September 22, 1997, the jury returned a verdict of guilty as to both Breaking and Entering in the Daytime and Larceny Over $250. (R.4; 14). Pursuant to a plea to an indictment

---

[1] Abbreviation key: Transcript: "Tr., (preceded by volume number)"; Record: "R."; Defendant's Brief: "Def. Br."; Defendant's Memorandum in lieu of brief: "Def. Mem." Commonwealth's Supplemental Appendix: "SA." References to the motion transcript of 8-21-97, reproduced in pertinent part in the supplemental appendix, are identified both by "Mot. Tr." and "SA." All references are followed by page numbers

2

as a habitual criminal, the defendant was sentenced on October 21, 1997, to ten years at MCI Cedar Junction. (R.5). The Appeals Court affirmed on May 31, 2000, pursuant to its Rule 1:28. (R.7, 14; SA 22-24). This court denied further appellate review. See 432 Mass. 1105 (2000).

On October 20, 2000, the defendant, pro se, filed a "renewed motion for a new trial," supported with an affidavit which discussed the then-pending suit of Officer John Brian Dirrane [who had identified the defendant's fingerprints at his trial] against the Brookline Police Department and Dirrane's supervisor, Sgt. Heavey.[2] (R. 7, 14, SA 23). The judge referred the matter to CPCS for appointment of counsel. The defendant's present counsel entered an appearance on December 20, 2000. (R.8).

On December 12, 2002, the defendant, via present counsel, filed a motion for post-conviction discovery, captioned "Motion to Produce Certain Documentary Evidence." (R.8, 21). The Commonwealth filed its

---

[2] The defendant filed on December 6, 2002, a pro se memorandum of law in support of his motion, attaching thereto another affidavit from himself concerning the civil suit against Sgt. Heavey, and appending a copy of the civil complaint.

convicted person has but a "low expectation of privacy in his identity by reason of the taking and storing of fingerprints." Landry v. Attorney General, 429 Mass. 336, 346 (1999). Fingerprint, photograph, and arrest records, however, are maintained to serve "an important law enforcement function." Id., quoting Commonwealth v. Shipps, 399 Mass. 820, 832 (1987), quoting Police Commissioner of Boston v. Municipal Court of the Dorchester District, 374 Mass. 640, 655 (1978). A "low expectation of privacy" is not a zero expectation of privacy. Because the questioned fingerprint belongs to the defendant, other parties are excluded. To turn over their names and fingerprint information to the defendant would violate both their reasonable expectation of privacy and sound law enforcement practice.[10]

---

that relied upon by trial court); see also Close v. United States, 336 F.3d 1283, 1285 n.1 (11th Cir. 2003)("'[W]e may not reverse a judgment of the district court if it can be affirmed on any ground, regardless of whether those grounds were used by the district court.'") (quoting Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998)).

[10] According to Lt. Rebeiro, "possible candidates are not released because they are irrelevant unless and until an identification has been made to a latent print. The Identification Section does not release

26

## CONCLUSION

For the reasons set forth above, the judgment of the Supreme Judicial Court for Suffolk County should be affirmed.

                                Respectfully submitted,

                                */s/ Robert C. Cosgrove*
                                Robert C. Cosgrove
                                Assistant District  Attorney
                                BBO # 545920

                                45 Shawmut Road
                                Canton, MA 02021
                                (781) 830-4800, ext. 231

November 14, 2003

---

potential candidate to *prosecutors or defense attorneys.*"  (SA 37, emphasis supplied).

( Exh. 6 ) Dockt.

No. 102164

74. 2000 Oct. 20 - Motion requesting release from unlawful restrain
75. 2000 Oct. 20 - [Request for a hearing on the Motion,] renewed Motion, for a new trial based on newly discovered evidence

2000 Oct. 27 - Renewed motion for a new trial based on newly discovered evidence - after a through review of the motion and materials and a finding that there exist colorable issues for further inquiry, the Court sua sponte, refers the matter to CPCS for appointment of counsel and recommends prior counsel, Stepanie Page, be appointed (Butler, J) c/s

76. 2000 Oct. 27 - Notice of assignment of counsel CPCS to appoint counsel (Butler, J) c/s
77. 2000 Nov. 29 - Notice of assignment of counsel Chrystal Murray, Esq. appointed
78. 2000 Dec. 20 - Notice of appearance (Chrystal Murray) cb
79. 2002 Dec. 12 - Motion to produce certain documentary evidence - Commonwealth to file its response, if any, on or before January 24, 2002 (Butler, J) J. Uguccioni, a.c.   c/s D.A., Atty. Murray, and Atty. Page, CPCS