UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------

DAVID C.JONES
    Petitioner,

v.                        Civil Action No. 04-12180-GAO

MICHAEL A.THOMPSON
    Respondent.

------------------

MEMORANDUM OF THE PETITIONER
IN SUPPORT OF OPPOSITION OF MOTION
TO DISMISS

---

The petitioner,David C.Jones,seeks Federal Habeas Corpus relief on the Ground that he aws denied his federally secured Constitutional Rights during his trial and prosecuton.On the grounds;

(1) conviction obtained by (UNCONSTITUTIONAL)failure of the prosecution to disclose to the petitioner evidence favorable to him;

(2) conviction obtained by the use of falsified and tampered evidence (fingerprint);

(3) conviction obtained by the prosecution knowingly withholding evidence favorable to th petitioner;and

(4) conviction obtained by a violation of due process rights, prosecutorial misconduct.(Petition, p.5, 12A-12D)

The state court records wil show that,respondent has not appended from the petitioners (post-conviction)actions/motins.
    Documents,affidavits,memorandum aswell,in the initial motin motion for a new trial based on newly discovered evidence reveals that the petitioner has presented Grounds Two thru Four to the States highest court.(See.Exh.1-2 at p.3;Exh.1).

2

Petitioner also filed a complaint against both ,officers, Srgt.ThomasHeavey and John B.Dirrane of the Brookline POLICE Dept. on June 29,2000,through the Norfolk county district attornys office (See.Exh.2).In October of 2000,four months later ,petitioner filed a motion for a new trial based on newly discovered evidence and a motion to be released from an unlawful restraint.(See.Exh.3,Dock.Ent.)

Petitioner also filed a complaint with the Attorney General, Office of the Bar Counsel in August 21,1998,alleging misconduct of the prosecution.(See.Exh.4,Letters)

PRIOR PROCEEDINGS
---

Petitioner was cnvicted of breaking and entering in the daytime and larceny and sentenced as an habitual offender to ten years imprisonment at MCI Cedar Junction.

In October of 2000,petitioner filed amotion for anew trial based on new evidence,(civil complaint"whistle blower",filed by off- icer John B.Dirrane)Evidence of police coruption,in the brookline police department .Judge E. Butler,norfolk sups. Court.

Judge Butler was also the trial judge in this case, and found that there were colorable issues in the motion.(See.Exh.3,DOCK.Ent.) Petitioner did argue that his `constitutional' rights,as well as his "federal" rights had been violated .Respondent has only presented a small portion of the state record regarding Ground Two thru Four, with regard to the state court exhaustion rule.

The state court failed to address the federal claim ,petitioner "fairly"presented his claim in the motion for a new trial ,affidavit, memorandum and exhibits.Thereby allerting the court of the federal nature of his claim,and also allerting other offices of government, (See.Exh.4,Letters).

Petitioner also requested to be heard on the motion for a new trial.The state court ignored the request.(See.Exh.3,Dock.Ent.)

3

The Appeals Courts implicit use of the substantial risk of a miscarriage of justice standard was erroneous and the harm caused by the lack of impeachment evidence can not be understated.

The Appeals court also erroneously found that "COMPARISSION" by the compuctor method of the petitioners print with the known print produced positive identification .Officer Dirrane admitts that the computor alone could not make an exact match.

In further showing of the respondents erroneous claim,the petitioner points to the "Brief" of Assistent District Att. Robert C.Cosgrove,BB#545920,November 2003.(See.Exh.5,S.J.C.Brf.), On page 2 the commonwealth acknowledges the :grounds to some degree, and also in this petition Grounds Two thru Four ."The defendant filed on December 6,2002,a pro se memorandum of law in support of his motion attaching thereto another affitdavit from himself concerning the civil c complaint ".Grounds Two thru Four were established with support of that civil action .A clear showing that even the commonwealth acknowledged th at it was before the state court .

ON GROUND ONE of the petition ,Commonwealth v.Ellison 376 mass.1, 22 n9(1978).The absence of a list of potentiial candidates also prevented a meaningful cross-examination of the police identification of the fingerprints and also supports the allegations of constitutional error.Petitioner did raise the issue of withheld evidence at the trial and in motions for specific requests.Petitioners attorney did object to the presentation of the fingerprint evidence,as seen by the state court record as well as at trial.
The respondent has attempted to mis-lead this court by citing cases that do not pertain to this particular case,In the Simpson v.Matesanz, it does not apply,and merely challenges jury instructions and reasonable doubt issues.Respondent seeks to incorperate unrelated cases to the case before this court ,attempting to convince the court it's claim and mixes portions of the record to fit its own arguement.

In Jackson v.Virginia ,the court was unable to view (all) the evidence in the light most favorable to the prosecution ,in this "case" before the court,the most important evidence was knowingly withheld. Respondent has also attempted to confuse the court as to the wieght of the"procedural default rule"and where it applies .
Petitioners credible showing of innocence offer to overcome procedural default,or bar on federal habeas corpus review.Petitioner presented an "alibi witness that supported his claim of innocence,Hazel Flynn,the alibi witness stated at the trial that the petitioner worked in her salon in Worcster,mass.And that the petitioner rode to work on a bike that she provided.The Appeals court also missed that part of the testimo ny.

4

Petitioner has shown actual innocence through his alibi witness. It is impossible for the petitioner to ride a dirt bike from the Onyx hairstyling salon in worcster,mass. to Brookline,Mass. in an hour.Killela v.Hall,84F.Supp.2d 204, 210(D.Mass.2000.) Petitioner also points to the respondents own statement as partial support, describing the grounds as being scattered in state court. (see. p.11, respondents motion to dismiss.)

Petitioner has exhauasted his state remidies on all grounds by the full record .The Grounds relied upon have been defined and presented face-up and squarely ;the federal question is plainly expressd.The record will show that the petitioner has demonstrated that his claimed federal errors were fairly presented to the states highest court petitioner has presented the state court with appropriate federal trappings such as;specific constitutional language,constitutional citation, substantial constitutional analogy.Presented within the four corners of the application for leave to obtain further appelate review.

The amended motion for anew trial was only a minor portion of what was contained in the "total" new trial motion.Respondent again would have the court believe that the amended motion in 2004,was(all) towards the presentation.(See.Exh.6) Doc4.)

State court ignored the issues in the motion and refused to give an address of the motion to be heard in the matter.

Grounds Two Through Four are not new claims as the records will show and are legal federal claims now made in the petition for federal habeas corpus review..In sum,Grounds Two through Four are exhausted and the petitioners motion in opposition of the motion to dismis should be allowed. (see. Exh.1,).

CONCLUSION
_____

For the above-stated reasons, the petition should be allowed.

Respectfully Submitted,
*David Jones*
DAVID C.JONES-W-37384

MCI Shirley-medium
P.O.Box 1218,SHIRLEY,MASS.
                        01464

Date: May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify, that a true copy of the above documents was served upon the respondent, through Annette C. Benedetto, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, Massachustts, 02108, BBO No. 037060, May 24th 2005, by first class mail, postage prepaid at the address below:

5/24/05

*David Jones*
David C. Jones   W37384
MCI Shirley - Medium
P.O. Box 1218
Harvard Road
Shirley, Ma   01464

cc/file