of the crime." After the Commonwealth submitted its opposition to defendant's motion, Judge Butler allowed the motion, on January 27, 2003.

10. On February 19, 2003, the Commonwealth filed a motion for reconsideration of the judge's order, based upon the affidavit of State Police Officer Deborah Rebeiro. On March 4, 2003, Judge Butler, declined to alter her decision allowing the defendant's motion to produce the AFIS list.[5]

11. The Commonwealth now seeks relief, per G.L. c. 211 sec. 3, from Judge Butler's order.

**The Judge, Who Also Presided At Trial, Did Not Abuse Her Discretion In Allowing The Defendant's Motion For The Production Of The AFIS List.**

12. "Rule 30(c) (4) of the Massachusetts Rules of Criminal Procedure allows the judge to 'authorize such discovery as is deemed appropriate.' Thus, the extent of discovery allowed is properly left to the judge's discretion." Commonwealth v. Stewart, 383 Mass. 253, 260 (1980).

13. Judge Butler did not abuse her discretion in allowing the defendant's motion for production of the AFIS data. As the judge who presided over the trial, she was in a unique position to see the prejudice to the defendant resulting from the Commonwealth's failure to provide the list of candidates. "This process of judicial analysis requires a thorough knowledge of the trial proceedings and can, of course, be aided by a trial judge's observations of events at trial." Commonwealth v. Grace, 397 Mass. 303, 306 (1986). It is only reasonable, therefore, that " [a] reviewing court extends special deference to the action of a motion judge who was also the trial judge". Id. at 307

14. At trial, Detective Dirrane acknowledged the importance of the AFIS test results in order to challenge his identification testimony. He admitted to the jury that he did not know how many similar points of comparison the other candidates' prints might have had with those of the

---

[5] The defendant's opposition, filed by mail after the judge's decision, was declared moot.

perpetrator (T.2/53; A.44). He also conceded that without the list of candidates, only his opinion as to the identification of the print existed (T.2/23; A.39). The Detective admitted that there was no universal agreement as to the number of fingerprint points minimally necessary to form an opinion as to whether fingerprints matched (T.1/97; A.23).[6] He further admitted that "it's possible for two good fingerprint people to have differing opinions about whether or not an unknown fingerprint matches a known fingerprint" (T. 1/197-198; A.23-24). The absence of a list of potential candidates also prevented a meaningful cross-examination of the police identification of the prints. Thus, contrary to the Commonwealth's assertion in its memorandum, Judge Butler has reason to doubt the validity of the identification of the defendant.

### The Commonwealth's Argument That There Is No Guarantee That An AFIS-generated List Of Candidates Would Be Identical To The One Produced And Destroyed By The Government Prior To Trial Misses The Point Of The Defendant's Discovery Motion.

15. Because of the Commonwealth's failure to print or otherwise preserve the candidate list in 1996, the defendant was deprived of potentially exculpatory information regarding any candidates who were ranked close to him -- in other words, candidates whose fingerprints may have also matched (to some degree) those of the perpetrator. However, inputting the perpetrator's print into the AFIS computer and generating a list of candidates may still produce exculpatory evidence. If the AFIS system should now find a candidate whose prints are sufficiently close to the perpetrator's to significantly weaken the case against the defendant, then it matters not whether that candidate would have been uncovered by the AFIS run in 1996.[7]

---

[6] In the present case, the state police expert testified that he detected from eight to fifteen points of identification (T. 2/78-80). Contrast, Commonwealth v. Morris, 422 Mass. 254 (1996) (23 points of identification).

[7] It strains belief in the reliability of the AFIS system that an individual, whose prints were in the system in 1996, could have fingerprints closely matching the perpetrator's, and yet not have been ranked as a contender by the system when the initial computer run was made. Given the sensitivity of the system to changing software and intervention by fingerprint experts as contended by State Police Lieutenant Deborah Rebeiro, one wonders if a rerun would name the defendant among the top ten matches.

What does matter is whether the candidate's prints so substantially undermine the government's case against the defendant as to cast "real doubt on the justice of the conviction".[8]  See Commonwealth v. Grace, 397 Mass. 303, 306 (1986).

16. The fact that the Commonwealth cannot guarantee that the list of top candidates would be duplicated does not change the fact that the defendant, in a purely circumstantial case, was denied the ability to challenge the strength and confidence of the police identification of the sole fingerprint reported and thereby challenge the police conclusion of guilt.  Moreover, the failure to provide this list to counsel prevented her from analyzing the results.  Fairness demands that the defendant be given that opportunity.  If on a rerun, no candidate is found whose prints challenge the accuracy of the identification of the defendant, then the case is closed.  But if the process reveals a candidate whose prints call into serious question the identification of the defendant as the perpetrator, then the interests of justice will be furthered.

17. The prosecutor's reliance on the "policy" of the State Police to not release potential candidates to prosecutors or defense attorneys until the candidates are identified as matching a latent print must fail.  The effect of the policy is that only police fingerprint experts can attempt an identification of the owner of a suspect print and any subsequent police identification cannot be challenged by the defendant.  The policy thus runs afoul of a defendant's right to due process and a fair trial.  See Brady v. Maryland, 373 U.S. 83, 87 (1963) (suppression of requested, material evidence favorable to the accused by the prosecution violates due process); Commonwealth v. Wilson, 381 Mass. 90 (1980) (exculpatory evidence includes evidence that

---

[8] Obviously, the list of candidates is "newly discovered evidence", i.e. evidence unknown to and not reasonably discoverable by either the defendant or counsel at the time of trial.  This is so whether the existence of a strong contender would have been uncovered in 1996 or only in 2003.

tends to impeach or evidence that challenges a material although not indispensable element of the prosecution's case).

### That The Appeals Court Treated The Defendant's Due Process Claim As Waived Does Not Strip The Motion Judge Of Her Authority To Grant The Defendant's Motion For Discovery.

18. While acknowledging that "apparently AFIS did call up possible candidates and the defendant could be interested to learn the array"[9], the Appeals Court avoided the issue of whether the defendant's due process rights were violated by suppression of the AFIS list by claiming that the defendant did not argue at trial that the trial judge erred in admitting the fingerprint evidence because the prosecution had failed to produce the list.[10] The Appeals Court thus treated the issue as waived.

19. Regardless of what a reviewing court might have ruled regarding the effect of the suppression of the candidates list on the defendant's case at trial, the motion judge may still grant the order for discovery. After all, if the list of candidates were not exclusively in the control of the Commonwealth and the defendant were able to produce a candidate's prints which proved to challenge the validity of his identification, then a judge would clearly have the jurisdiction to decide whether a motion for a new trial was warranted on the newly discovered evidence.[11]

---

[9] Memorandum and Order Pursuant to Rule 1:28, p. 4.

[10] In actuality, as Judge Butler is well aware, the defendant had filed a written motion to exclude the fingerprint evidence. Moreover, in opposing the motion, the prosecutor acknowledged defense counsel's efforts to obtain the AFIS candidate list. (T. 1/56). The Appeals Court's implicit use of the substantial risk of a miscarriage justice standard was erroneous and the harm caused by the lack of impeachment evidence can not be understated.

[11] Indeed, the none of the cases which the Commonwealth relies on to support its issue-preclusion argument, (Commonwealth's Memorandum In Support Of Petition For Relief p.2), presented new evidence in support of the claims of error.

72

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                                                     SUPERIOR COURT

NO. 96-102164-65, 102279

*10/27/00 after a thorough review of the motions and materials and a finding that there exist colorable issues for further inquiry, the court sua sponte refers the matter to CPCS for appointment of counsel and recommends prior counsel Stephanie Paige Esq. be appointed (Butler, J.) at [signature]*

COMMONWEALTH

VS

DAVID JONES

RENEWED MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED
EVIDENCE, AFFIDAVIT IN SUPPORT, EXHIBITS,
==============================================================================

Now comes the defendant DAVID JONES, upon information, knowledge and belief, and states the following, and who moves that this court, pursueant to Mass.R Crim. P,30, enter a judgement ordering a New Trial on the above numbered indictment.

In support of this the defendant states; that the evidence introduced at trial was Falsified and Tainted, in violation of the MASSACHUSETTS DECLARATION OF RIGHTS, Article,1, Article,x1 and Article,x11, also the Fourth and Fith Amendments of the United States Constitution.

9/27/00

*David Jones* [signature]

Norfolk,ss

DAVID C. JONES

V.

THOMAS HEAVEY OF,
The Brookline Police Dept.
350 Washington Street
Brookline, Mass. 02146

Criminal Complaint And Affidavit of Complaint,
Against THOMAS HEAVEY.
..............................................................

Now comes the plaintiff in the above complaint, moves that this office of the district attorney, file the charge of; Presenting (False Evidence in a criminal case No.96-102164-65.

Plaintiff also states that the enclosed (documents) are presented as exhibits to show and support the charges.

DATED..June 29, 2000

Submitted and sighned
DAVID C. JONES
B.S.H. Cadre-Unit
20 Administration Road
BRIDGEWATER, Mass. 02324

It is also my hope that this honorable office of the District Attorneys,will motion this court through its own initiative,that a New Trial be granted because of this newly discovered informatin.And to investigate these allegations made by officer John B.Dirrane.

It is my hope that this office of the district attorney not tolerate such conduct attributed by the Brookline police department and that in the name of justice and fairness ,action should be taken against these officer at this levle.

It is also my wish to avoid having to take any futher action,Federal,Medial and other in this above matter

I am filling a (Complaint with this Court of Norfolk , through this office of the district attorney on this county.

I am sure that there are many others who have been convicted becuase of (questionable practices of the brookline police,and are not aware of these allegations.

I seek only to vindicate myself in this case and nothing more,I intend to pursue the justice due to me in this case by any means if I am unable to achieve it through this honorable office of the District Attorney of Norfolk County.

Please file the enclosed COMPLAINTs;charging officer sargent THOMAS HEAVEY with presenting False Evidece in a criminal case No.96-102164-65) Norfolk Superior Court.

And charging officer John B. Dirrane with Knowingly presentting this  False Evidence assigned to him by the same officer he is accussing in the enclosed (complaint)Thomas Heavey and both of the Brookline police department.

I thank you in advance and await your response in this matter.

Dated: June. 29, 2000

                        sighned under the pains and penalties,
                         of purjury.

cc,district attony.                       RESPECTFULLY SUBMITTED BY
   Attorney General                     David Jones w37384
   Att.STEPHANIE PAGE               B.S.H./ Cadre Unit
                                           20 Administration Road
                                           Bridgewater,Mass. 02324

(Exh. 6) Dockt.

No. 102164

74. 2000 Oct. 20 - Motion requesting release from unlawful restrain
75. 2000 Oct. 20 - Request for a hearing on the Motion, renewed Motion, for a new trial based on newly discovered evidence
76. 2000 Oct. 27 - Renewed motion for a new trial based on newly discovered evidence - after a through review of the motion and materials and a finding that there exist colorable issues for further inquiry, the Court sua sponte, refers the matter to CPCS for appointment of counsel and recommends prior counsel, Stepanie Page, be appointed (Butler, J) c/s
76. 2000 Oct. 27 - Notice of assignment of counsel CPCS to appoint counsel (Butler, J) c/s
77. 2000 Nov. 29 - Notice of assignment of counsel Chrystal Murray, Esq. appointed
78. 2000 Dec. 20 - Notice of appearance (Chrystal Murray)  cb
. 2002 Dec. 12 - Motion to produce certain documentary evidence + Commonwealth to file its response, if any, on or before January 24, 2002 (Butler, J) J. Uguccioni, a.c.   c/s D.A., Atty. Murray, and Atty. Page, CPCS

# OFFICE OF THE BAR COUNSEL
BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
617/728-8750
Fax: 617/357-1866

BAR COUNSEL
ARNOLD R. ROSENFELD

FIRST ASSISTANT BAR COUNSEL
CONSTANCE V. VECCHIONE
NANCY E. KAUFMAN

ASSISTANT BAR COUNSEL
TERENCE M. TROYER
ANNE S. J. KAUFMAN
SUSAN STRAUSS WEISBERG
ALICE L. HAGEMAN
ROGER GELLER
BRUCE T. EISENHUT
CATHLEEN C. CAVELL
ELLEN M. MEAGHER
ROBERT I. WARNER
JANE R. RABE
YVONNE P. TOYLOY
LINDA G. BAUER
JOHN W. MARSHALL

August 21, 1998

David C. Jones
P.O. Box 9106
Concord, MA 01742

RE: BBO File No(s). B3-98-0211Y (Heather M. Kelley, Esq.)

Dear Mr. Jones:

I have reviewed your allegations of misconduct regarding Attorney Heather M. Kelley.

Your grievance against Attorney Kelley alleges in essence that Attorney Kelley presented falsified documents in a criminal proceeding. However, this office is a disciplinary agency only and we cannot assist you with your case. Without making any judgment as to the merits of your claim, such concerns should in the first instance be raised in court in an appeal or post-conviction proceeding, pursuant to the provisions of Rule 30 of the Massachusetts Rules of Criminal Procedure.

Accordingly, this file has been closed in this office. If you wish to pursue these claims in court, we would suggest that you consult with another lawyer. If you cannot afford counsel to represent you in the Rule 30 motion, you should also file a motion for the assistance of counsel. Should a subsequent decision by any court suggest misconduct by an attorney, please bring this matter to our attention again at that time and we will reconsider this decision.

Enclosed please find a copy of a letter from the Chair of the Board of Bar Overseers advising you of your right to have this decision reviewed by a member of the Board.

Very truly yours,

Yvonne Patricia Toyloy
Assistant Bar Counsel

YPT/tms
Enclosure
cc:   Heather M. Kelley, Esq.